UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **TIMOTHY GUIDRY**<br>    LA. DOC #321539<br>VS. | **CIVIL ACTION NO. 6:00-cv-1074**<br><br>**SECTION P**<br><br>**JUDGE REBECCA F. DOHERTY** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

Timothy Guidry, proceeding *pro se*, filed the instant Motion for Relief from Judgment pursuant to FRCP Rule 60(b) on March 7, 2013. [Doc. 14] He has also filed a Motion to Appoint Counsel [Doc. 16] and a Motion for a Show Cause Hearing. [Doc. 17] These matters have been referred to the undersigned for review, report, and recommendation.

*Background*

Guidry filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. §2254 on April 28, 2000. Therein he attacked his 1991 conviction for aggravated rape and the life sentence imposed by Louisiana's Sixteenth Judicial District Court, St. Martin Parish. [Doc. 1] On June 13, 2000, United States Magistrate Judge Mildred E. Methvin recommended dismissal of the petition as time-barred by the provisions of 28 U.S.C. §2244(d). [Doc. 3] United States District Judge Rebecaa F. Doherty adopted the Report and Recommendation and entered a judgment of dismissal on July 7, 2000. [Doc. 5] Petitioner's motions for a Certificate of Appealability (COA) were denied by the trial court on August 4, 2000 [Doc. 8] and by the United States Fifth Circuit Court of Appeals on October 2, 2000. [Doc. 12; *Guidry v. Cain*, No. 00-30915] His application for certiorari was denied by the United States Supreme Court on March 5, 2001. [Doc. 13]

Petitioner's Motion for Reconsideration alleges that if permitted, he would establish ineffective assistance of trial counsel. It does not otherwise allege error with respect to the Court's judgment dismissing his original petition as untimely but rather claims that the State of Louisiana prohibited him from raising a claim of ineffective assistance of counsel on direct appeal.

## Law and Analysis

### 1. Jurisdiction

Petitioner's motion for relief from judgment seeks to vacate the July 7, 2000 judgment of this Court dismissing the petition for *habeas corpus* with prejudice as time-barred. Title 28 U.S.C. §2244(b)(1) and (2) authorize dismissal of "second and successive" *habeas corpus* petitions; §2244(b)(3) directs a petitioner filing a "second and successive" *habeas* to obtain authorization from the appropriate Court of Appeals before filing the petition in District Court. A Rule 60(b) Motion which presents a "claim" for *habeas corpus* relief must be considered "second and successive" and therefore subject to the provisions of §2244(b). If a Rule 60(b) Motion is construed as a "second and successive" *habeas*, the District Court must dismiss for lack of jurisdiction. However, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the *habeas* statute or rules." *Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). A Rule 60(b) motion must be construed as a *habeas* claim "... when it presents a new claim for relief, or when it presents new evidence in support of a claim already litigated, or when it asserts a change in the substantive law governing the claim, or when it attacks the federal

court's previous resolution of a claim on the merits." *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007), citing *Gonzalez v. Crosby, supra*. On the other hand, there is no new *habeas* claim, and thus no "second and successive" issue, when the Rule 60(b) Motion asserts that a previous ruling raising a limitations bar precluded a merits determination and was erroneous. *Id.* Guidry does not allege that the prior ruling herein was erroneous or that any previous rulings precluded a determination of the merits of his claim.

Guidry's Rule 60(b) Motion asserts that he is entitled to *habeas corpus* relief because he received ineffective assistance of trial counsel, a claim that was raised in his original petition for *habeas corpus* and rejected as untimely. He further maintains that he is entitled to relief from judgment by virtue of the Supreme Court's 2012 decision in *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) as interpreted by the Fifth Circuit in *Lindsey v. Cain*, 476 Fed. Appx. 777 (5th Cir. 2012) ("When a state, like Louisiana, requires that a prisoner raise an ineffective assistance of counsel claim on collateral review, a prisoner can demonstrate cause for the default in two circumstances: (1) 'where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial' and (2) 'where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland* [ *v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ].' *Id.* at 1318." However, neither *Martinez* nor *Lindsey* suggest that otherwise time-barred claims of ineffective assistance of counsel should be addressed on the merits.

**2. The Motion**

Further, even if this Court should exercise jurisdiction over the motion, it clearly does not

allege which of the six enumerated grounds for relief apply. Guidry cannot rely on the provisions of Rule 60(b)(1), (2), or (3) because motions made pursuant to those subsections "... must be made ... no more than a year after the entry of the judgment..." Rule 60(c)(1). The judgment at issue was entered on July 7, 2000, and therefore even if Guidry were otherwise entitled to relief, his motion would be untimely.

Nor can he rely on Rule 60(b)(4) since the judgment attacked is not void. (See *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir.2003) (A judgment is "void" if the court which rendered it lacked subject matter jurisdiction or personal jurisdiction or otherwise acted in a manner as to deny due process.)

Neither can he rely on Rule 60(b)(5) which provides, for relief from a judgment which has been satisfied, released or discharged; or was based on an earlier judgment that was vacated or reversed; or is no longer equitable.

Finally, Guidry cannot rely on Rule 60(b)(6) which would allow relief from judgment "for any other reason that justifies relief." The Fifth Circuit has held that *Martinez* does not constitute the sort of "extraordinary circumstance" required to succeed on a Rule 60(b)(6) motion. See *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir.2012), *stay denied*, 132 S.Ct. 1995 (2012).

### 3. *Motion to Appoint Counsel and to Convene Hearing*

In conjunction with the Rule 60(b) Motion, Guidry has requested appointment of counsel "... in the event this court requires and conducts the requested show cause hearing." [Doc. 16] He requested the hearing to require the State to show why the Rule 60(b) motion should not be granted. [Doc. 17]

As shown above, Guidry's Motion is either a successive habeas claim over which this Court lacks jurisdiction or, the Motion itself is either untimely or without a basis in fact or law. Therefore, there is no need for a hearing and, since there is no need for a hearing, there is no need to appoint counsel.

*Order and Recommendation*

Therefore,

Guidry's Motion to Appoint Counsel [Doc. 16] and his Motion for Hearing [Doc. 17] are **DENIED;** and,

**IT IS RECOMMENDED** that the instant Rule 60(b) Motion [Doc. 14] be deemed a successive petition for *habeas corpus* and **DENIED** for lack of jurisdiction; or, in the alternative,

**IT IS RECOMMENDED** that the motion be **DENIED** as untimely and without a basis in fact or law.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

*See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana May15, 2013.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**