# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY GUIDRY<br>     LA. DOC #321539<br>VS. | CIVIL ACTION NO. 6:00-1074<br><br>SECTION P<br><br>JUDGE DOHERTY |
| BURL CAIN, WARDEN LOUISIANA<br>STATE PENITENTIARY | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Relief from Final Judgment pursuant to FRCP Rule 60(b)(6) filed in proper person by Timothy Guidry. [rec. doc. 31]. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, serving a life sentence imposed by the Sixteenth Judicial District Court for St. Martin Parish, Louisiana, following petitioner's 1991 conviction for aggravated rape. This matter was referred to the undersigned for Report and Recommendation.

For the following reasons, the undersigned **RECOMMENDS** that the instant Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b)(6) be **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

The original petition was denied and dismissed with prejudice on July 7, 2000, following a Report and Recommendation by the Magistrate Judge, because the petition was barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d). [rec. docs. 3 and 5]. Guidry's request for a Certificate of Appealability was denied by the United

States Fifth Circuit Court of Appeals on October 2, 2000. [doc. 12, *Guidry v. Cain*, No. 00-30915 (5th Cir. 2000)]. On March 5, 2001, the United States Supreme Court denied *certiorari*. [ rec. doc. 13; *Guidry v. Cain*, 532 U.S. 908 (2001)].

Twelve years later, on March 7, 2013, Guidry filed a Motion for Relief from Judgment pursuant to FRCP Rule 60(b) in this long closed case. [rec. doc. 14]. In this "Motion" Guidry asserted that he was entitled to relief on the following grounds: (1) because he received ineffective assistance of trial counsel; and (2) under the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) as interpreted by the Fifth Circuit in *Lindsey v. Cain*, 476 Fed. Appx. 777 (5th Cir. 2012). On June 5, 2013, following a Report and Recommendation by the undersigned Magistrate Judge, the District Court deemed the Motion a second or successive *habeas* petition and accordingly, dismissed the "Motion" for lack of jurisdiction; the District Court alternatively denied the Rule 60(b) Motion on the merits as untimely and without a basis in law or fact. [rec. docs. 20 and 22]. Guidry's request for a Certificate of Appealability was denied by the United States Fifth Circuit Court of Appeals on November 15, 2013. [doc. 29, *Guidry v. Cain*, No. 13-30686 (5th Cir. 2013)]. On May 27, 2014, the United States Supreme Court denied *certiorari*. [rec. doc. 30; *Guidry v. Cain*, 134 S.Ct. 2665 (2014)].

## LAW AND ANALYSIS

By this Motion, Guidry requests that pursuant to FRCP Rule 60(b)(6) this Court vacate its previous June 6, 2013 Judgment denying petitioner's prior Rule 60(b) motion for lack of jurisdiction as a successive federal *habeas corpus* petition filed without prior

authorization of the Fifth Circuit, and alternatively, on the merits, as untimely and without a basis in law or fact.  Guidry argues that this Court's prior ruling on his Rule 60(b) Motion was erroneous because that Motion did not constitute a second or successive federal *habeas corpus* petition.  He makes this argument despite the fact that the Fifth Circuit denied petitioner's request for a certificate of appealability as to this Court's ruling and despite the fact the United States Supreme Court denied petitioner's request for certiorari.  Although it is apparent that Guidry again is essentially asserting a "claim" as defined by *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641 (2005), thereby rendering the instant Motion a second or successive federal *habeas corpus* petition[1], the Court need not address this argument as the motion is clearly subject to dismissal on the merits.

Guidry contends that this Court should reconsider its prior decision under Rule 60(b)(6) based on the Fifth Circuit's January 27, 2015 unpublished decision in *Tabler v. Stephens,* 591 Fed. Appx. 281 (5th Cir. 2015).[2]  More specifically, he argues, as was the

---

[1]The Court additionally notes that the Fifth Circuit has a longstanding practice of construeing purported Motions under Rule 60(b) based on subsequent Supreme Court decisions which change the law as successive petitions. *See United States v. Guillory*, 2013 WL 4782211, *5 (W.D. La. 2013) *citing United States v. Bell*, 369 Fed. Appx. 610, 611, 2010 WL 934306 (5th Cir. 2010) *citing United States v. Rich*, 141 F.3d 550, 551-553 (5th Cir. 1998) (noting that federal prisoner's Rule 60(b) motion, which raised a theory of relief based on the assertion that a Supreme Court decision changed the law, should be construed as a successive § 2255 motion).

[2]In *Tabler*, the Fifth Circuit, relying on *Christeson v. Roper*, 574 U.S. - - , 135 S.Ct. 891, 2015 WL 232187 (2015), found that counsel laboring under a conflict of interest in federal *habeas* proceedings could have prevented them from arguing that their performance in state *habeas* proceedings was deficient by failing to file an initial review state collateral proceeding on the petitioner's behalf, thereby establishing cause under *Martinez* to excuse the default of ineffective assistance of counsel claims. Accordingly, the case was remanded to allow  un-conflicted counsel an opportunity to attempt to establish cause under *Martinez*.  In so doing, the Court logically extended the holding of *Martinez* to ineffective assistance of initial review state *habeas* counsel that prevented the state *habeas* proceeding from taking place, that is, to the failure to file for such relief in the first instance.

3

case with his prior Rule 60(b) motion, that by virtue of the Fifth Circuit's unpublished

decision in *Tabler*, which "logically" extended the Supreme Court's holding in *Martinez*[3]

to a unique factual context,  entitles him to relief from judgment.  Petitioner presented a

similar argument in his prior Rule 60(b) Motion, asserting that under *Martinez* as

interpreted by the Fifth Circuit in *Lindsey* he was entitled to Rule 60(b) relief.  This Court

rejected that argument holding that neither *Martinez* nor *Lindsey* suggest that otherwise

time-barred claims of ineffective assistance of counsel should be addressed on the merits.

That same holding is applicable to the instant Motion – neither *Martinez* nor *Tabler*

suggest that otherwise time-barred claims of ineffective assistance of counsel should be

addressed on the merits.

    Further, as this Court previously held, petitioner's argument under Rule 60(b)(6)[4] is

foreclosed by Supreme Court and Fifth Circuit precedent.  A movant seeking relief under

this provision must show "extraordinary circumstances" that justify reopening a final

judgment. *Gonzalez,* 125 S.Ct. at 2649. "Such circumstances will rarely occur in the

---

[3]In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the Court held that, as an equitable matter, in states which do not permit the raising of an ineffective assistance of counsel claim via post-trial motion or on direct appeal, ineffective assistance in a collateral proceeding—the first proceeding in which an ineffective assistance claim may be raised—may constitute "cause" for procedural default of an ineffective assistance of counsel claim in two circumstances: (1) where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial or (2) where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland*, meaning that the ineffective assistance claim is meritorious.  *Martinez*, 132 S.Ct. at 1318-1319.

[4]Rule 60(b)(6) that allows the court to relieve a party from a final judgment for "any other reason that justifies relief."
    The Fifth Circuit has held that arguments based on changes in the law do not correspond to any of the reasons listed in subsections (1) through (5) of Rule 60(b), but rather may appropriately be viewed as asserting a claim under subsection (6). *See United States v. Rich*, 141 F.3d 550, 551 at fn. 2 (5th Cir. 1998).

habeas context." *Id. Gonzalez* went on to hold that extraordinary circumstances were not present when a *habeas* petitioner pointed to a recent Supreme Court case that changed the limitations tolling law in the circuit that had dismissed his petition as untimely. The Eleventh Circuit had decided the case under the then-prevailing interpretation of the statute. *Gonzalez* concluded that it "is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Id.*, at 2650-2651.

The Fifth Circuit applied *Gonzalez* in a capital case to an argument much like petitioner's. The prisoner argued that *Martinez* allowed him to make a Rule 60(b)(6) challenge to a district court's prior judgment that rejected as procedurally defaulted his *habeas* claims for ineffective assistance of counsel. Relying on the Supreme Court's holding in *Gonzalez* and Circuit precedent, the Fifth Circuit held that  the Supreme Court's decision in *Martinez* does not constitute "extraordinary circumstances" to warrant relief under Rule 60(b)(6).  *Adams v. Thaler*, 679 F.3d 312, 319-320 (5th Cir. 2012); *Diaz v. Stephens*, 731 F.3d 370, 376 (5th Cir. 2013) (same); *see also United States v. Guillory*, 2013 WL 4782211, *8 (W.D. La. 2013) (same) *citing Adams, United States v. Correa*, 2013 WL 203558, *1-2 (W.D. Pa. 2013) (collecting cases), *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (A change in law after a court issues a final judgment does not constitute an "extraordinary circumstance," for the grant of relief under Rule 60(b)(6))and *Kay v. Quarterman*, 2009 WL 972972, * 2 (S.D. Tex. 2009) *citing  Hess*, 281 F.3d at 216 and *Gonzalez*, 545 U.S. at 536-537;  *Taylor v. Warden, Louisiana State Penitentiary,*

2013 WL 3759823, *2 (W.D. La. 2013) (same).  Rather, *Martinez* was simply a change in decisional law similar to the one presented in *Gonzalez* which does not provide a basis for Rule 60(b)(6) relief.   The Fifth Circuit's recent application of *Martinez* in *Tabler* to unique facts does not change that conclusion in any way. *Tabler* is no more than an application of *Martinez,* which, construed liberally, likewise amounts to no more than a change in decisional law.  For this reason, petitioner's motion must be denied.

.      Accordingly;

**IT IS RECOMMENDED** that the instant Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b)(6) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile***

*Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

**Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed this 10th day of February, 2016, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**

COPY SENT:

DATE:   ___2/11/2016_____
BY:   _____EFA_____
TO:   _____RFD_____
              cg